CURRAULT, Judge.
Plaintiffs-appellants, John R. Tate and Donald Hebert, were traveling in a westerly direction on U.S. Highway 61 in a 1965 Ford van driven by plaintiff-appellant John R. Tate. Defendant-appellee, William K. Myers, an employee of Rimmer and Garrett, Inc., was operating a 1979 half-ton Chevrolet pickup while within the scope and course of his employment. Mr. Myers was placing construction work warning signs out in order to close one lane so that work on that shoulder could begin. One of the signs, measuring four feet by four feet and approximately six feet high on stands, fell out of the truck as the truck completed a U-turn across U.S. Highway 61. Plaintiff, John Tate, noticed the car ahead of him was trying to stop or turn. Once the other vehicle cleared the object, plaintiff realized it was a sign. There was oncoming traffic to plaintiff’s left and a tractor-trailer truck occupied the right lane next to plaintiff. Plaintiff applied his brakes, but struck the sign. The sign became lodged under plain *533 tiff’s vehicle and remained there until he came to a complete stop. After striking the sign, plaintiff’s vehicle was struck by another vehicle in the oncoming lane. Plaintiff-passenger, Donald Hebert, was thrown clear of the van after being struck by the oncoming vehicle.
Both appellants saw Dr. Thompson on the day of the accident. Subsequent medical treatment was administered by Dr. Reyes. During his deposition, Dr. Reyes was not questioned as to a specific diagnosis regarding Mr. Tate. Dr. Reyes did, however, agree with the statement that Mr. Tate’s predominant problems involved his lumbo-sacral and cervical areas and headaches. Tandaril, an anti-inflammatory agent, Dal-mane, a sleep inducer and Fiorinal, for pain and headaches, were prescribed along with treatment consisting of steam packs, diathermy and massage. As to Mr. Hebert, Dr. Reyes’ diagnosis was a contusion and strain of the right ankle, lumbosacral-thor-acic-cervical spine sprain, posterior eephala-gia and insomnia. The record reveals Mr. Hebert received the same medicines as prescribed above for Mr. Tate. Dr. Reyes additionally testified he prescribed Elervil 25 for Mr. Hebert’s anxiety.
After hearing the evidence, argument of counsel and considering the law, the trial court found the sole and proximate cause of the injuries made the basis of this suit was the negligent operation of the vehicle insured by Liberty Mutual Insurance Company, operated by William K. Myers and owned by Rimmer and Garrett, Inc. Therefore, judgment was rendered in favor of plaintiffs, John R. Tate and Donald Hebert, and against Liberty Mutual Insurance Company. Special and general damages were awarded to John R. Tate in the combined sum of Five Thousand One Hundred Ninety-Three Dollars and Sixty-One Cents ($5,193.61). Special and general damages were awarded to Donald Hebert in the combined sum of Four Thousand Seven Hundred Dollars and Twenty Cents ($4,700.20). Plaintiffs have devolutively appealed.
On appeal, appellants have asserted the following specifications of error:
that
(1) The trial court erred by abuse of discretion in not truly awarding damages for lost wages to both plaintiffs;
that
(2) The trial court erred by abuse of discretion in inadequate awards for pain and suffering for both plaintiffs; and that
(3) The trial court erred in not awarding damages for property and concomitant costs to John R. Tate.
LOST WAGES
Obviously not satisfied with the evidence adduced at trial, the trial judge allowed plaintiffs an additional thirty (30) days to introduce proof of lost wages. When such proof was not forthcoming, the trial judge found plaintiffs had failed to prove lost wages. We cannot find that conclusion to be clearly wrong since it is amply supported by the record. Without a showing that such conclusions by the trial court are clearly wrong, we are bound to affirm. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
AWARDS FOR PAIN AND SUFFERING
As an appellate court reviewing an award of damages, we may not substitute our own judgment for that of the trier of fact. Instead, we are relegated to the position of determining whether the trier of the ease has abused its “great discretion.” Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
Appellants argue the trial judge erred in awarding inadequate general damages for pain and suffering to both. We cannot agree. While there is ample evidence to sustain the award below, such evidence is not sufficient for us to conclude that the trial judge abused his “much discretion.”
CONCOMITANT COSTS
Finally, appellants assert the trial judge erred in failing to award John Tate property loss and concomitant costs for *534 towing and loss of use of his vehicle. Appellants contend this award should be $2,000.
Mr. Tate testified he had purchased a 1965 Ford Econoline van from his brother-in-law, co-plaintiff Donald Hebert, for $500 approximately a year and a half prior to the wreck. He further testified that during the time he owned the van he had the motor changed, a set of tires replaced and a radio installed.
After the wreck, the van was towed to his house. Subsequently, believing the van to be totalled, he had Hymel’s junkyard tow the van away without receiving any compensation for it.
Notwithstanding his testimony, there is no evidence in the record regarding this claim. There is no evidence to establish the fair market value of the van at the time of the accident or the condition of the van prior to the accident. We are not provided with the costs plaintiff incurred by changing motors, tires or installing the radio. Upon direct examination, he testified that even he did not know these costs. Similarly, we are not given the costs of towing nor did plaintiff testify as to the length of time he was without transportation.
By denying the claim, the trial judge apparently was not convinced of plaintiffs credibility. This is a factual finding by the trial judge that we do not believe is clearly wrong. We are therefore bound to affirm according to Arceneaux v. Domingue, supra.
Therefore, for the above assigned reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against appellants.
AFFIRMED.